UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN SPITZNAGEL, individually and as
Trustee of the John Spitznagel Living Trust
u/a/d August 26, 2003,

                    Plaintiff,

-vs-                                                Case No. 2:09-cv-824-FtM-29SPC

R&D ITALIA, LLC, R&D ITALIA
MANAGER, LLC, R&D ITALIA VILLAS,
LLC, R&D ITALIA VILLAS MANAGER,
LLC, R&D OF CASEY KEY, LLC, R&D OF
CASEY KEY MANAGER, LLC, and JON
RUBINTON,

                    Defendants.
_____/

## ORDER

This matter comes before the Court on Non-Party Regions Bank's Motion to Intervene and Motion to Quash the Subpoena Duces Tecum to Michael T. Twitty (Doc. #80) filed on February 28, 2011. The Plaintiff John Spitznagel filed his opposition on March 4, 2011 (Doc. #83). Regions filed a reply to Plaintiff's opposition on March 8, 2011 (Doc. #86-1). Plaintiff filed a sur-reply to Regions Bank's Reply Memorandum on March 14, 2011 (Doc. #90). This Motion is now ripe for review.

1

**Facts**

On December 12, 2009, Plaintiff, John Spitznagel, filed a Complaint against Defendants, R&D Italia, LLC, R&D Italia Manager, LLC, R&D Italia Villas, LLC, R&D Italia Villas Manager, LLC, R&D of Casey Key, LLC, R&D of Casey Key Manger, LLC, and Jon Rubinton, for multiple causes of action relating to and resulting from loans made by Regions Bank to three real estate development entities – R&D of Casey Key, LLC, R&D Italia, LLC, and R&D Italia Villas, LLC ("Rubinton Entities").  On or about January 12, 2011, Spitznagel served non-party Michael T. Twitty of Entreken Associates, Inc., an appraiser for Regions Bank, with a Subpoena Duces Tecum.  Spitznagel seeks documents, including correspondence, relating to a 2010 appraisal and a 2011 report for the real property securing the loan to Defendant R&D of Casey Key, LLC, which was procured by Regions' Special Assets Department.  The Subpoena commands that Twitty produce the following categories of documents:

1. A copy of the report effective January 22, 2011 by Michael T. Twitty of Entreken Associates, Inc. and addressed to Vickie Finley of Regions Bank (the "Report").
2. All drafts of the Report.
3. All documents between Twitty and Ms. Finley.
4. All documents reviewed by Twitty in connection with the preparation of the Report.
5. Twitty's entire file as required by Uniform Standards of Professional Appraisal Practice relating to all his preparation of the Report performed on the development at Casey Key.
6. All Reports and/or appraisals prepared by Twitty related to the development at Casey Key.
7. All contracts or agreements between Twitty and Regions Bank, relating to referring to or regarding the appraisal at Casey Key and/or the preparation of the Report.
8. All invoices and/or requests for payment submitted by Twitty in connection with his preparation of the Report.

Regions Bank claims that the Subpoena seeks documents and information regarding the loan to R&D of Casey Key, LLC, after it became a "problem" loan and was transferred to Regions'

2

"Special Assets" Department. It thus alleges that all documents listed on the Subpoena Duces Tecum are subject to the work-product privilege and moves to intervene for the purposes of quashing the Subpoena.

## Discussion

### *(1) Regions Bank's Motion to Intervene*

### *(A) Whether Regions Has a Right to Intervene*

Under the Federal Rules of Civil Procedure an intervenor may move to intervene as of right or for permissive intervention. Here, Regions Bank argues that it has the right to intervene under Fed. R. Civ. P. 24(a), or in the alternative should be granted permissive intervention under Fed. R. Civ. P. 24(b). Plaintiff's opposition memorandum does not specifically address these arguments, but Plaintiff nevertheless requests that this Court deny Regions' motion to intervene as improper.

Under Fed. R. Civ. P 24(a) a party has a right to intervene if the applicant has a claim or interest in the case. Rule 24 reads in pertinent part:

> "[u]pon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Fed. R. Civ. P. 24(a). "In this circuit, a party seeking to intervene under Rule 24(a)(2) must show: (1) that the intervention application is timely; (2) that an interest exists relating to the property or transaction which is the subject of the action; (3) that disposition of the action, as a

practical matter, may impede or impair the ability to protect that interest; and (4) the existing parties to the lawsuit inadequately represent the interests." TIG Specialty Ins. Co. v. Financial Web.com, Inc., 208 F.R.D. 336, 337 (M.D. Fla. 2002) (quoting Federal Savings and Loan Ins. Corp. v. Falls Chase Special Taxing District, 983 F.2d 211, 215 (11th Cir. 1993)). If each of these four requirements is met, the court must allow the party to intervene in the action. TIG Specialty Ins. Co., 208 F.R.D. at 337.

In evaluating timeliness for a motion to intervene, the Eleventh Circuit has considered:

> (1) the length of time during which the proposed intervenor knew or reasonably should have known of the interest in the case before moving to intervene; (2) the extent of prejudice to the existing parties as a result of the proposed intervenor's failure to move for intervention as soon as it knew or reasonably should have known of its interest; (3) the extent of prejudice to the proposed intervenor if the motion is denied; and (4) the existence of unusual circumstances militating either for or against a determination that their motion was timely.

Georgia v. Army Corps of Eng'rs, 302 F.3d 1242, 1259 (11th Cir. 2002) (citing Chiles v. Thornburg, 865 F.2d 1197, 1213 (11th Cir. 1989)). Regions' motion was timely filed. Regions first learned that Plaintiff was seeking documents and information from Twitty upon the receipt of the service of the Notice of Subpoena Duces Tecum in mid-January. Plaintiff had cancelled the previously scheduled February 1, 2011, deposition upon a grant of extension by the Court. During a telephone conversation in mid-February in which Plaintiff's counsel sought new dates for Twitty's deposition, Regions' counsel made clear their intent to oppose any subpoena. Plaintiff filed the re-notice of Twitty's rescheduled deposition on February 22, 2011. Regions filed the instant motion a week later.

4

Regions alleges, and Plaintiff does not dispute, that Regions' intervention will not prejudice the parties since the requested discovery has not yet been produced. To the contrary, Regions' interests would be prejudiced if the Motion were denied, since it is their allegedly privileged documents which they wish to intervene to protect. This Court does not find any unusual circumstances militating against the timeliness of this Motion. Consequently, this Motion was timely filed for Rule 24(a) purposes.

The Supreme Court of the United States has defined "interest" under Rule 24 as a "significantly protectable interest." Danner Construction Company v. Hillsborough County, 2009 WL 2525486 *3 (M.D. Fla. Aug. 17, 2009) (citing Donaldson v. U.S., 400 U.S. 517, 531, 91 S. Ct. 534, 27 L. Ed. 2d 580 (1971)); TIG Specialty Ins. Co., 208 F.R.D. at 337-38. In determining the sufficiency of the interest, this Circuit requires that the intervenor "must be at least a real party in interest in the transaction which is the subject of the proceeding" and "must have a direct, substantial, legally protectable interest in the proceeding." TIG Specialty Ins. Co., 208 F.R.D. at 337-38 (citing Worlds v. Dept. of Health and Rehabilitative Services, 929 F.2d 591, 594 (11th Cir.1991) (quoting Athens Lumber Co. v. Fed. Election Commission, 690 F.2d 1364, 1366 (11th Cir.1982))). Thus, the law requires that "the interest be one which substantive law recognizes as belonging to or being owned by the applicant." Mt. Hawley Insurance Company v. Sandy Lake Properties, Inc., 425 F. 3d 1308, 1311 (11th Cir. 2005). However, the Intervenors' interest does not have to "be of a legal nature identical to that of the claims asserted in the main action." Danner Construction Company, 2009 WL 2525486 at *3. The discovery requested in the instant Subpoena could result in the release of privileged work product

5

documents and information. Consequently, Regions has a legally protectable interest in the litigation consistent with Fed. R. Civ. P. 45.

Regions' interest in protecting work-product documents and information is unique unto themselves. Consequently, Regions is the only party who can raise an objection to the disclosure of allegedly privileged information. Thus, absent intervention, Regions' interests will be impaired, since Regions claims that the requested discovery will result in the release of privileged work product documents and materials.

The Supreme Court has held that the inadequate representation requirement of Rule 24(a)(2) "is satisfied if the [proposed intervenor] shows that representation of his interest 'may be' inadequate," and "the burden of making that showing should be treated as minimal." <u>Danner Construction Co., Inc. v. Hillsborough County</u>, 2009 WL 2525486 at *4 (citing <u>Trbovich v. United Mine Workers of America</u>, 404 U.S. 528, 538 n. 10, 92 S. Ct. 630, 30 L. Ed.2d 686 (1972)). Since Regions is the only party that may assert the work-product privilege for its own documents, Regions' interests in protected privileged materials are not adequately represented.

This Court finds that all the requirements for Fed. R. Civ. P. 24(a) are satisfied, and Regions has carried its burden of establishing entitlement to intervention as of right.

*(B) Whether Regions Waived Its Privilege Assertion by Failing to Produce a Privilege Log*

Under the Federal Rules of Civil Procedure,

> [a] person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must: (i) expressly make the claim; and (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

Fed. R. Civ. P. 45(d)(2). The party invoking the privilege bears the burden of proof. Tyne v. Time Warner Entertainment Co., L.P., 212 F.R.D. 596, 599 (M.D. Fla 2002). "This burden can be met only by an evidentiary showing based on competent evidence, and cannot be discharged by mere conclusory or *ipse dixit* assertions." CSX Transportation, Inc., v. Admiral Insurance Co., 1995 WL 855421 *1 (M.D. Fla. July 20, 1995) (internal quotes omitted). Pursuant to Fed. R. Civ. P. 26(b)(3) & (5) this evidence is generally provided through the use of a privilege log. Plaintiff argues that Regions' failure to produce a privilege log in this case can result in waiver of the privilege. However, Regions correctly notes that any obligation to produce a privilege log is extended only to those persons party to the lawsuit.

"[W]hen a party does intend to withhold information, otherwise discoverable, by claiming a privilege, such as work product, the party asserting the privilege must comply with Federal Rule of Civil Procedure 26 by filing a privilege log. Failure to produce privilege log can result in waiver of the privilege." Anderson v. City of Naples, Case No. 2:10-cv-111-FtM-36SPC, 2010 U.S. Dist. LEXIS 127867 at *8-9 (M.D. Fla. Nov. 22, 2010). However, courts have confirmed that a nonparty's failure to prepare a privilege log in response to a subpoena does not waive any privilege. See Chicago Ins. Co v. Health Care Indemnity, Inc., 2010 WL 3123149 at *5 (S.D.W.Va. 2010) ("Mr. Hurney [a nonparty served a deposition subpoena and subpoena *duces tecum*] is a "person," not a "party" [per the Advisory Committee Notes to Rule 45]; thus waiver is a not a consequence for his failure to prepare a privilege log.").

At the time that Regions made its Motion to Intervene, it was not a party to the instant case. However, upon this Court's granting of the Motion, Regions will be a party. The U.S. Supreme Court has consistently held that "[o]ne who is not an original party to a lawsuit may of

course *become a party* by intervention, substitution, or third-party practice." Karcher v. May, 484 U.S. 72, 77, 108 S. Ct. 388, 98 L. Ed. 2d 327 (1987) (emphasis added). Consequently, Regions is now obligated to produce a privilege log or risk waiving any claims of privilege over the requested documents since the Court has allowed it to intervene. Typically, the privilege log will identify each document and the individuals who were parties to the communications with sufficient detail to permit the compelling party or court to determine if the privilege is properly claimed. CSX Transportation, Inc. at *3. More specifically, a proper privilege log should contain the following information: (1) the name and job title or capacity of the author of the document; (2) the name and job title or capacity of each recipient of the document; (3) the date the document was prepared and if different, the date(s) on which it was sent to or shared with persons other than the author(s); (4) the title and description of the document; (5) the subject matter addressed in the document; (6) the purpose(s) for which it was prepared or communicated; and (7) the specific basis for the claim that it is privileged. *See* Roger Kennedy Construction, Inc. v. Amerisure Insurance Co., 2007 WL 1362746 * 1 (M.D. Fla. May 7, 2007) (detailing the information needed in a proper privilege log).

This Court thus orders Regions Bank to file a proper privilege log within two weeks of the date of this Order. If it is still disputed which, if any, of the documents requested are protected by the work-product privilege, Plaintiff may file a Motion to Compel.

*(2) Regions Bank's Motion to Quash the Subpoena Duces Tecum*

Regions Bank's Motion to Quash is due to be denied as it is required to file a privilege log now that it is a party to this lawsuit in order for the Court to properly assess any challenge that the requested documents are protected by the work-product privilege. If a dispute arises

between the Parties whether certain documents are in fact protected by the work-product privilege, the Parties are reminded of their continuing obligation to meet and confer in an effort to resolve any disputes prior to the filing of any discovery motions. See Local Rule 3.01(g). The Parties are encouraged to work together to come to an agreement on discovery issues.

Accordingly, it is now

**ORDERED:**

Non-Party Regions Bank's Motion to Intervene and Motion to Quash the Subpoena Duces Tecum to Michael T. Twitty (Doc. #80) is **GRANTED** in part and **DENIED** in part.

- Regions Bank's Motion to Intervene is **GRANTED**, and Regions Bank may intervene in this action. Regions Bank is directed to submit a privilege log to Plaintiff in accordance with the above on or before **April 1, 2011**.
- Regions Bank's Motion to Quash is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of March, 2011.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

9